Chief Justice Robertson
delivered the opinion of the court.
The plaintiff in ex-ror, as assignee of a covenant to pay $130 for the hire of a slave, to pay the tax on him, cloathe him, and return him to the covenantee at the end of the term, obtained a judgment by default against the defendant in error for $165 and damages.
The circuit court, entertaining the opinion, that the covenant was not assignable, arrested the judgment.
The object of the legislature, in making a class of written contracts assignable, so as to vest in the assignee, the legal right ot the assignor, was to facilitate commercial exchanges, and increase the means of paying debts. As negotiability could not, to any ■ useful or convenient extent, be imparted to any other contracts, than simple obligations for the direct payment of money or property, the act of 1798 embraced these alone, and repealed the act of 1796, because it made all contracts in writing assignable.
As a contract is an unit, a covenant to pay money or property, and also containing a stipulation for something else than the payment of money or property, is not comprehended by the statute of 1798. Forsee’s administrator vs. Thomason, II Litt. Rep. 167.
Tested by these principles, the covenant, in this case does not belong to the class of obligations defined by the act of 1798.
A covenant for either money or property is not assignable unless the assignment will entitle the assignee to demand and receive the thing covenanted to be paid, and will divest assignor of his right to claim it. Covenant to cloathe a a slave or pay tax, is, in its nature, intransferible. Covenant to return a hire slave at the end of the term for which he is hired, is not a contract to pay either money or property, and is therefore !unassignable.
The agreement to pay the tax on the slave, was a covenant to pay money; the undertaking to cloathe him, was a covenant, in effect, to pay property, by it indirectly to the covenantee’s use.
But neither the one nor the other was a direct covenant to pay either money or property to the covenantee. A covenat for either money or property is not legally assignable, unless the assignment will entitle the assignee to demand and receive the thing covenanted to be paid, and will divest the assignor of his right to claim it. In other words, the right of th^ covenantee must be, in its nature, transferable. Now a covenant to cloathe a slave, or to pay the tax on it, is not of such transferable character.
By assigning it before breach, the covenantee does not part with his right to the benefit, which will result from a performance of it. If it be performed, the assignee derives no benefit from the assignment; the performance is not for him, nor to his use. Consequently, he will have no interest in the covenant, unless it shall be broken. He cannot require its fulfilment, nor complain of any injury to himself in consequence of its non-observance. Therefore, by assignment, the assignee cannot acquire all the right of the assignor. A covenant which was not assignable before breach, cannot be assigned after breach, so as to vest the right of action in the assignee.
The covenant to return the slave is not a contract to pay either money or property. An assignment of such a covenant would not necessarily transfer to the assignee, the absolute title to the slave; nor would it impose on the covenantor any other duty than that which he had undertaken, which was 'to return the slave to the covenantee. This is more of the nature of a personal service, than of a payment of property. The property belongs to the covenantee; and therefore, the covenantor, by promising to return it to the owner, does not oblige himself to pay to him, property.
As the contract in this case is neither a “bond, bill, (nor) promissory note for the payment of money or property;” it remains as it would have been at common law, if no statute for assigning obligations had ever been enacted, and'therefore belongs to the more *44 comprehensive class of dioses in action which are not negotiable, but can be assigned in equity only.
Denny, for plaintiff.
Wherefore, the judgment of the circuit court is affirmed.